UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY GREENE,

    Plaintiff,

vs                                  Case No.
                                    Hon.

GEYHOUND LINES, INC.,

    Defendant.
_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
lrr@rothsteinlagroup.com
mjr@rothsteinlagroup.com
_____/

        There was a previous civil action pending before the Honorable Prentis Edwards, Wayne County Circuit Court Judge, Case No. 09-012178-NF arising out of the same transaction or occurrence as alleged in this Complaint relating to PIP/No-Fault benefits.

        s/LAWRENCE R. ROTHSTEIN
        LAWRENCE R. ROTHSTEIN (P19697)

**COMPLAINT**

    NOW COMES the Plaintiff, ROSEMARY GREENE, by and through her attorneys, ROTHSTEIN, ERLICH AND ROTHSTEIN, P.L.L.C., and in support of her Complaint against the Defendant, GREYHOUND LINES, INC. ("GREYHOUND"), shows unto this Honorable Court as follows:

**GENERAL ALLEGATIONS**

    1.    That the Plaintiff, ROSEMARY GREENE, was at all times relevant herein, a resident of the City of Detroit, County of Wayne, State of Michigan.

    2.    That Defendant, GREYHOUND, is a Foreign Corporation, incorporated in the State of

Delaware.

3. That Defendant, GREYHOUND, is a Transportation Authority licensed to do business in the State of Michigan and, at all times relevant hereto, conducted regular business in the County of Wayne, State of Michigan.

4. Jurisdiction is conferred by 28 USC 1332, diversity of citizenship.

5. That on or about May 21, 2008 Plaintiff was injured while alighting from a motor vehicle (Greyhound bus) located at a stop between Sandusky and Toledo, Ohio.

6. That the amount in controversy herein exceeds the sum of Seventy Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorney fees.

## COUNT I – NEGLIGENCE BY DEFENDANT

7. Plaintiff herein reincorporates and re-alleges Paragraphs 1 through 6 of the General Allegations of this Complaint with the same force and effect as if same were set forth hereunder, and further states:

8. That on May 21, 2008, Plaintiff was a passenger on a GREYHOUND bus which was a fleet vehicle believed to be self insured.

9. That Defendant, GREYHOUND, at all times relevant herein, is and was the owner of the subject bus and responsible for the use, operation, maintenance, and was in control of same at the time of the subject motor vehicle accident.

10. That on May 21, 2008, between the Cities of Sandusky and Toledo, State of Ohio, the Plaintiff, ROSEMARY GREENE, was injured while alighting from said motor vehicle, causing her to sustain certain bodily injuries, necessitating medical treatment and devices, surgery, attendant care, replacement services, and/or other allowable expenses pursuant to the No-Fault Act.

11. That based upon information and belief, Defendant GREYHOUND was the sole owner of the subject vehicle.

12. That on or about May 21, 2008, Defendant's agent and/or employee, while acting within the scope of her authority as a GREYHOUND bus operator, stopped at a rest stop between Sandusky and Toledo, Ohio and proceeded to permit and direct passengers to exit the vehicle without fist placing a step and/or other

2

assistive safety device down to reduce the distance between the bottom bus step and the ground.

13. That at all times relevant and material hereto, it was the duty of the Defendant and its employees and/or agents, to operate Defendant's vehicle in a safe and reasonable manner and exercise such due care in such vehicle's operation as the rules of common law require and in accordance with the federal and applicable state laws and all subdivisions thereof having jurisdiction.

14. That, contrary to the duties set forth above and below, the Defendant's employee and/or agent, was negligent, careless, reckless, and guilty of willful and wanton disregard of the lives and safety of individuals such as Plaintiff in the operation of Defendant's motor vehicle, and further breached the aforesaid duties owed to Plaintiff, including, by way of illustration and not limitation:

    A. Failing to operate Defendant's vehicle in a reasonably careful and prudent manner, and failing to utilize proper safety measures so as to avoid patron injuries while alighting from the vehicle;

    B. Encouraging patrons to exit the vehicle at a rest stop without first ensuring all safety measures were in place;

    C. Exiting the vehicle prior to ensuring the safe exit of its patrons;

    D. Stopping Defendant's vehicle at a rest stop carelessly and heedlessly in willful disregard of the safety of others, without due caution and circumspection, so as to endanger persons and property;

    E. Failing to make reasonable and proper observations and draw reasonable and proper conclusions which were necessary at the time so as to avoid injuries to patrons while alighting from the vehicle;

    F. Failing to properly screen, train and/or supervise its employees and/or agents on safety measures in preparing its vehicles for patrons to exit the vehicle;

    G. Failing to have in place and/or enforce appropriate policies on reasonable safety measures in preparing its vehicles for patrons to exit the vehicle.

    H. Failing to have proper safety equipment on its vehicle and/or n place including

3

       but not limited to a step or other assistive device to reduce the distance between the bus step and the ground.

    I.     Allowing and directing bus passengers to exit the bus down bus vehicle steps, knowing that the distance between the lowest step and the ground was so great as to create an unreasonable risk of harm to the passengers, including the Plaintiff;

    J.     Failing to warn the bus occupants of the excessive distance between the bottom step of the bus and the ground, before allowing the disembarkment of passengers;

    K.     Failing to otherwise assist bus passengers exit the bus;

    L.     Committing other acts and/or omissions which constitute breaches of duties owed Plaintiff with respect to the operation of a motor vehicle/bus, which Plaintiff reserves the right to add at a later date.

15.     That in the happening of the aforesaid accident, Plaintiff, was not negligent, but was at all times conducting herself in a reasonable and prudent manner.

16.     That as a direct and proximate result of the aforestated breaches of duties and the negligence of the Defendant, the Defendant caused Plaintiff to fall while alighting/disembarking from Defendant's vehicle, causing Plaintiff to suffer severe, serious, painful, permanent, and disabling injuries, and causing the Plaintiff to suffer serious impairments of important body function(s) and/or permanent and serious disfigurements.

17.     That as a direct and proximate result of the aforesaid negligence and breaches of duties of the Defendant, Plaintiff was made to suffer serious and disabling injuries to her skeletal system, nervous system, and the muscles, tendons, ligaments, nerves, and tissue and/or other parts of her body, including but not limited to injuries to her knees, as well as other serious and disabling injuries, the nature and extent of which is unknown at this time.

18.     That as a result of the aforesaid accident, the Plaintiff suffered, continues to suffer, and will continue to suffer great pain, discomfort, embarrassment, humiliation, mental anguish, depression, gross anxiety, indignity, and inconvenience.

19.     That prior to the accident, Plaintiff, was in reasonably good health and was able to and did

participate in and enjoy may of the usual activities of life, but since said accident, Plaintiff has been under medical care and in a state of pain, stress, and discomfort, all preventing her from engaging in many of those activities she engaged in prior to the accident.

20.     That as a direct and proximate result of the aforementioned incident and the injuries Plaintiff sustained therein, Plaintiff has sought and obtained continued medical treatment, including, but not limited to hospital, doctor, therapist and/or nursing services and has undergone surgery.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment against the Defendant, in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

>                         ROTHSTEIN, ERLICH AND
>                         ROTHSTEIN, P.L.L.C.
>
>
>                         s/LAWRENCE R. ROTHSTEIN
>                         LAWRENCE R. ROTHSTEIN (P19697)
>                         Attorney for Plaintiff
>                         19068 West Ten Mile
>                         Southfield, Michigan 48075-2401
>                         (248)355-2048

Dated: May 20, 2010

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROSEMARY GREENE,

    Plaintiff,

vs                                      Case No.
                                        Hon.

GEYHOUND LINES, INC.,

    Defendant.
_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
Attorneys for Plaintiff
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
lrr@rothsteinlagroup.com
mjr@rothsteinlagroup.com
_____/

## DEMAND FOR JURY TRIAL

Now come the plaintiff, ROSEMARY GREENE, by and through her attorneys, ROTHSTEIN, ERLICH AND ROTHSTEIN, P.L.L.C. and hereby demands a trial by jury as to any and all issues so triable in the captioned matter.

                                ROTHSTEIN, ERLICH,
                                AND ROTHSTEIN, P.L.L.C.

                                s/LAWRENCE R. ROTHSTEIN
                                LAWRENCE R. ROTHSTEIN (P19697)
                                Attorney for Plaintiff
                                19068 West Ten Mile Rd.
                                Southfield, Michigan 48075
                                (248) 355-2048
                                lrr@rothsteinlagroup.com

Date: May 20, 2010